### SAMUEL LIBBY *vs.* PHILANDER SOULE.

The person by whose direction an officer takes the property of one man, on an execution in his favor against another, is liable to the owner in trover.

TROVER for the conversion of a yoke of oxen. At the trial in the Court of Common Pleas, before *Smith J.*, the evidence of a conversion was, that one *William Knowles* testified, that he took the plaintiff's oxen to carry to *Quebec*, by an agreement with the plaintiff, while they were in possession of the witness. The defendant ·saw them, and said that he intended to attach them for a debt he had against one *Abraham Knowles*, and being informed that they were the property of the plaintiff, by the wit-

ness, the defendant said, he should send an officer and take them. And one *Evans*, an officer, afterwards came and took them away from the witness. Another witness testified, that he saw these oxen afterwards in possession of the defendant, who informed the witness that he had them taken on an execution in favor of himself against said *Abraham Knowles*, and that he had bid them off himself at the officer's sale. Upon this evidence the counsel for the defendant contended, that there was no proof of conversion, and moved the Court to order a nonsuit; but the Judge being of a different opinion, declined to do so, and observed to the counsel that he might file his exceptions, if he thought proper. The case proceeded, and after much other testimony as to the property in the oxen, the jury found a verdict for the plaintiff. The defendant filed exceptions to the ruling of the Judge.

*Tenney*, for the defendant.

There is no evidence of a conversion by the *defendant* in this case. Trover cannot be maintained against a creditor for directing an officer to take property on an execution. The purchase of property sold on execution is like a purchase in market overt, and vests the property in the purchaser. *Titcomb* v. *U. F. & M. Ins. Co.*, 8 *Mass. R.* 326; *Davis* v. *Maynard*, 9 *Mass. R.* 242; *Howe* v. *Starkweather*, 17 *Mass. R.* 240.

*C. Greene*, for the plaintiff.

The defendant directed the taking of the plaintiff's property, and is liable for the consequences. That the officer took the oxen on an execution against another person, furnishes no justification to him, and of course none to the defendant by whose orders they were taken. He would have been liable in trespass for the damage, and is in trover for the value. A tort may be extenuated, but not increased. If we have any sales in market overt, this is not one; for the defendant here is the person taking, converting, purchasing, and using. 1 *Chitty on Pl.* 153, 169; 3 *Dane's Abr. ch.* 77, *art.* 11, § 5.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — *Evans*, the officer, having an execution in favor of the defendant against *Abraham Knowles*, had no right to

seise thereon the oxen of the plaintiff. By so doing he became a trespasser, or he might be charged in trover, at the plaintiff's election. The unjustifiable seisure of the oxen, would be sufficient evidence of conversion. As this was done by the direction and procurement of the defendant, the act of the officer was his act ; and he was equally liable in trespass or trover. The tortious taking was itself a conversion. *Chapman* v. *Lamb*, 2 *Strange*, 943. *Woodbury et al.* v. *Long*, 8 *Pick*. 543.

*Exceptions overruled.*